IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James Triplett,                              :

      Plaintiff                        :       Case No.  2:04-cv-981

    v.                                   :       Judge Sargus
W.  Klatt, *et al.*,
                                             :       Magistrate Judge Abel
      Defendants

                                             :


**Order**

     This matter is before the Court on defendants Judge William A.  Klatt, Judge

Lisa L.  Sadler, and Judge Charles Petree's January 11, 2005 motion to dismiss

pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (doc.

7). Plaintiff James Triplett filed this action seeking a declaratory judgment that the

three appellate judges who dismissed his appeal in *Burton v.  Triplett*, 94-cv-5764

filed in the Court of Common Pleas of Franklin County, Ohio, should be removed

from his appeal and substituted with three appellate judges from another jurisdiction.

     Defendants argues that the allegations contained in the complaint arise solely

out of plaintiff's disagreement with decisions made against in him in his appeal of an

adverse decision from the Court of Common Pleas of Franklin County, and this Court

has no jurisdiction to hear his complaints about those decisions on the basis of the

Rooker-Feldman doctrine.  Defendants also maintain that plaintiff's complaint failed

1

to state a claim under 28 U.S.C. § 2201(a) and that defendants had no duty to assist a *pro se* litigant.

Plaintiff relies on *Bush v. Dictaphone Corporation*, 161 F.3d 363 (6th Cir. 1998) for the proposition that dismissal is appropriate only when a brief is so inadequate that a court cannot interpret it at all.  Plaintiff also contends that because defendants are judges they should not have allowed the motion to dismiss be filed in their names because it is a sham.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974);  *Brown v. Bargery,* 207 F.3d 863, 866 (6th Cir. 2000); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).

The court will grant a defendant's motion for dismissal under Fed. R. Civ. P. 12(b)(6) if the complaint is without any merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face

2

of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *See generally Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367; *Brennan v. Rhodes*, 423 F.2d 706 (6th Cir. 1970). It is not necessary that a plaintiff set forth in a complaint the legal theory on which plaintiff relies if the complaint sets forth sufficient factual allegations to state a claim showing that plaintiff is entitled to any relief which can be granted. *See Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974); *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 24-25 (4th Cir. 1963).

Here, there is an insurmountable bar to relief indicating that the plaintiff does not have a claim because this Court is without jurisdiction to review the decisions of the state courts. Only the Supreme Court of the United States has jurisdiction to review a case litigated and decided in a state court. *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir. 1998). Under the *Rooker-Feldman* doctrine, a litigant cannot seek to collaterally attack a state court judgment by simply casting his complaint in the form of a civil rights action. *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993). *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

Consequently, defendants Judge William A. Klatt, Judge Lisa L. Sadler, and Judge Charles Petree's January 11, 2005 motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (doc. 7) is GRANTED.

3

The Clerk of Court is DIRECTED to enter JUDGMENT for defendants.  This action is hereby DISMISSED.

Edmund A. Sargus, Jr.
United States District Judge

4